# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel J. Hastings, #302318, | ) | C/A No.: 0:09-1412-MBS-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Gregory Knowlin, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Samuel J. Hastings filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry ##20, 21]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #22]. Petitioner filed a response in opposition to Respondent's motion. [Entry #27]. Petitioner also filed a Motion to Amend Supplemental Pleadings pursuant to Rule 15. [Entry #32]. Having carefully considered the parties' submissions and the record in this case, the court finds that Petitioner's Motion to Amend should be denied, and Respondent's motion for summary judgment should be granted.

I.    Procedural Background

Petitioner was indicted on two counts of assault and battery with intent to kill (ABWIK) (03-GS-37-1226-1227) and assault and battery of a high and aggravated nature (ABHAN) (03-GS-37-1228). Petitioner was represented by W. Douglas Richardson, Esq. At his trial on May 27, 2007, Petitioner was found guilty of two counts of ABHAN on indictments 03-GS-37-1226 and 1227 and not guilty on the remaining counts. Petitioner was sentenced to confinement for ten years, suspended upon the service of four years with five years probation on indictments 1226 and 1227 to run consecutively. He was also ordered to complete an ATU program.

Petitioner timely-filed an appeal in which he raised the following issues:

(1)    Petitioner challenged the admission of two bloodstained shirts, owned by one of the victims, which were not provided to him for inspection prior to trial;

(2)    admission of color photographs of the other victim's injuries; and

(3)    comments by the trial judge during sentencing, which Petitioner maintained indicated improper consideration of his exercise of the rights to a jury trial and to testify in his own defense.

On July 19, 2007, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentences, and his petition for rehearing was denied. Thereafter, Petitioner filed a petition for writ of certiorari to the South Carolina Supreme Court, which was denied.  The Remittitur was issued on July 24, 2007.

Petitioner filed an application for post-conviction relief ("PCR") on September 5, 2007, asserting claims for ineffective assistance of counsel and prosecutorial misconduct. An evidentiary hearing was held on January 28, 2008, at which Petitioner testified and was represented by Robert Childs, Esq.

On April 4, 2008, the PCR Court issued an Order of Dismissal. Petitioner appealed the denial of his PCR application to the South Carolina Supreme Court by way of a *Johnson*[1] Petition for writ of certiorari, raising the following issues:

1.     Did the PCR Court err in failing to find the State violated the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963) by not notifying defense counsel, in a timely manner prior to trial, of the victim's bloody shirt that was introduced into evidence at trial after defense counsel filed a Rule 5 Motion?

2.     Did the PCR Court err in failing to find trial counsel ineffective for not moving for a mistrial after the judge's inappropriate comments to Petitioner when he was testifying which prejudiced Petitioner?

3.     Did the PCR Court err in failing to find trial counsel ineffective for not calling the four character witnesses to testify at trial?

_____

[1] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967) to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

Petitioner did not file a *pro se* response to the *Johnson* Petition. On May 28, 2009, the Supreme Court denied the petition and granted collateral appellate counsel's request to withdraw. The Remittitur issued on June 16, 2009. This habeas petition followed.

II.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

**Ground One:** Petitioner asserts he was deprived of effective assistance of counsel in violation of his Sixth Amendment right, raising 17 grounds of ineffective assistance of counsel:

(1)    By opening the issue of a state's witness's prior written statement.
(2)    By failing to object to the introduction of a state witness's prior statement.
(3)    By failing to object to the prosecutor's opening statement stating facts of the case.
(4)    By failing to object to leading questions of the State's witnesses.
(5)    By conducting ineffective cross-examination of witnesses.
(6)    In failing to call character witnesses.
(7)    In failing to object to leading redirect.
(8)    In failing to object to the introduction of Allen Carne's shirt.
(9)    In failing to properly place his objections on the record.
(10)   In failing to raise proper objections to the introduction of photographs.
(11)   In failing to object to testimony about what the witnesses told the prosecutor.
(12)   In failing to make proper directed verdict motions.
(13)   In failing to object to inflammatory comments by prosecution on closing argument.
(14)   By allowing improper cross.
(15)   By failing to properly rebut the witnesses testimony.
(16)   By introducing the alleged weapon into evidence.
(17)   In failing to do such things as a reasonably prudent attorney would have done under the circumstances then and there existing.

**Ground Two:** Petitioner asserts his procedural due process rights were violated by the introduction of the allegedly bloody shirt.

**Ground Three:** Petitioner asserts 5 grounds of prosecutorial misconduct:

(1)  In failing to produce tangible evidence requested by the Defendant.
(2)  In asserting personal knowledge of facts in issue.
(3)  In stating a personal opinion as to the justness of the cause, credibility of a witness, and guilt of the accused.
(4)  In failing make timely disclosure to the defense of evidence that tends to negate guilt.
(5)  In doing such things that would constitute prosecutorial misconduct.

Although Petitioner attached to his PCR application the same attachment he attaches to his habeas petition, (*see* App. 471–472), many of the 17 allegations of ineffective assistance of counsel and 5 allegations of prosecutorial misconduct were not addressed in the PCR court's Order of Dismissal. Petitioner did not file a Rule 59 motion to have these issues addressed by the PCR court.

B.    Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.    Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed

by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus

petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[3] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of

_____

[3]If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has

procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

D.    Analysis

1.    Procedural Bar

As an initial matter, Respondent contends that many of Petitioner's Ground One claims of ineffective assistance of counsel and all his Ground Three claims of prosecutorial misconduct are procedurally-barred to the extent that they were not raised in his PCR appeal.

As to Ground One, the following numbered issues of ineffective assistance of counsel were not addressed in the PCR Court's Order of Dismissal:

(3) By failing to object to the prosecutor's opening statement stating facts of the case.

(5) By conducting ineffective cross-examination of witnesses.

(9) By failing to properly place his objections on the record.

(10) In failing to raise proper objections to the introduction of photographs.

(12) In failing to make proper directed verdict motions.

(14) By allowing improper cross.

(15) By failing to properly rebut the witnesses testimony.

(17) In failing to do such things as a reasonably prudent attorney would have done under the circumstances then and there existing.

The PCR Court noted in its Order that any issue not addressed in the Order of Dismissal was waived and abandoned by Petitioner's failure to introduce evidence of such allegations. Because Petitioner's collateral counsel did not file a Rule 59 Motion to have any of these omitted issues addressed by the PCR court, these issues were

procedurally defaulted in state court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007) (finding when PCR court's order summarily dismisses grounds without making the factual findings and conclusions of law required by S.C. Code Ann. § 17-27-80 (2003), failure to file a SCRCP Rule 59(e) motion renders issues not preserved for appeal). Therefore, these issues are procedurally barred on federal habeas review. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding failure to preserve issue under state law results in procedural bar on habeas review); *Coleman v. Thompson*, 501 U.S. 722 (1991) (holding failure to properly appeal issue to state appellate court results in procedural bar on habeas review); *Mathews v. Evatt*, 105 F.3d 907 (4th Cir. 1997) (finding issue procedurally defaulted in state court is procedurally barred on habeas review).

In his *Johnson* Petition, Petitioner raised only one of the issues of ineffective assistance of counsel that he is now raising on habeas review—Ground One (6) above: did the PCR court err in failing to find trial counsel ineffective for not calling the four character witnesses to testify at trial? This issue is addressed on its merits below.

Regarding the other issues raised in Ground One here, Respondent argues that, because PCR counsel filed a *Johnson* brief that did not include the remaining issues and Petitioner did not himself raise these claims in a pro se brief, these claims are procedurally barred for failure to exhaust. The undersigned agrees. If the merits of these issues were not reached by the state appellate courts, the issues are procedurally barred from this court's review. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see discussion, infra*.

Ground Two, a direct appeal issue, is procedurally barred because Petitioner did not raise a constitutional challenge to the admission of the bloody shirts in state court, as he does now. At trial, Petitioner objected to the admission of the bloody shirts on the ground the State violated SCRCP Rule 5. In his direct appeal, Petitioner likewise did not raise a federal constitutional claim with respect to the admission of the bloody shirt, but alleged error by the trial judge in admitting the bloody shirts due to the State's noncompliance with SCRCP Rule 5.

Having failed to allege a violation of his federal constitutional rights in state court, Petitioner is procedurally barred from raising Ground Two on habeas review. *Anderson v. Harless*, 459 U.S. 4 (1982) (holding federal constitutional claim must be explicitly raised in state proceedings); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding failure to preserve issue under state law results in procedural bar on habeas review). Therefore, summary judgment is appropriate on Ground Two.

Ground Three appears to be procedurally barred because Petitioner did not raise a claim of prosecutorial misconduct at trial or on direct appeal. At trial, Petitioner objected to the admission of evidence because he was not allowed to inspect the shirt(s) prior to trial. Although Petitioner arguably raised issues 2 and 3 of prosecutorial misconduct—i.e., in asserting personal knowledge of facts in issue and in stating a personal opinion as to the justness of the cause, credibility of a witness, and guilt of the accused—in PCR, those claims were based on conduct by the Solicitor that Petitioner did not object to at trial. Therefore, these issues were not preserved under state law and are

procedurally barred on habeas review. *Wainwright*, 433 U.S. at 87 (finding failure to preserve issue under state law results in procedural bar on habeas review).

Also in Ground Three, Petitioner alleges new grounds of prosecutorial misconduct that were not addressed by the PCR court— that the prosecutor failed to disclose evidence that tends to negate his guilt (a *Brady*[4] violation) and that the prosecutor committed misconduct by "doing such things that would constitute prosecutorial misconduct." The PCR court's Order of Dismissal did not address these claims of prosecutorial misconduct, and Petitioner did not file a Rule 59 motion. Therefore, these issues were waived and abandoned in state court and are procedurally barred on habeas review. *Wainwright v. Sykes*, 433 U.S. at 87 (finding failure to preserve issue under state law results in procedural bar on habeas review); *Coleman v. Thompson*, 501 U.S. 722 (1991) (finding failure to properly appeal issue to state appellate court results in procedural bar on habeas review); *Mathews v. Evatt*, 105 F.3d 907 (4th Cir. 1997) (holding issue procedurally defaulted in state court is procedurally barred on habeas review).

As to the procedural default, Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural

---

[4]In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court "held that when a State suppresses evidence favorable to an accused that is material to guilt or to punishment, the State violates the defendant's right to due process, 'irrespective of the good faith or bad faith of the prosecution.' " *Cone v. Bell*, 129 S. Ct. 1769, 1772 (2009) (*citing Brady*).

rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had the opportunity for a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues and he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.*

The court's review of the record does not support a showing of actual innocence. Petitioner was found guilty on two counts of ABHAN as a result of his actions in a bar in

Oconee County, which resulted in serious injuries to two of the bar's bouncers. *See State v. Hastings*, Op. No. 2006-UP-247 (S.C. Ct. App. May 18, 2006). Witnesses testified that Petitioner was intoxicated. One witness at the bar testified Petitioner grabbed her on the buttocks and she walked away. Another witness testified Petitioner struck her in the face. The two injured bouncers testified they were not cut before attempting to subdue Petitioner, but received injuries after attempting to subdue Petitioner. Two shirts that one of bouncers was wearing were cut and bloody. The other bouncer was severely cut on his leg in two places requiring medical attention and resulting in permanent scarring. One eyewitness saw Petitioner with a knife in his hand before the two bouncers were injured. Petitioner himself admitted at trial that he had a knife. Petitioner's wife admitted at trial that Petitioner had the knife and placed it in her pocket without her knowledge, and that after the incident, Petitioner told her he had done so. Petitioner's friend also testified Petitioner told him that he had cut someone inside the bar.

In light of the foregoing evidence, the undersigned finds that Petitioner cannot show actual innocence. Petitioner has failed to meet his burden of showing sufficient cause and prejudice or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir.1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding that, to show prejudice, a petitioner must show that there is a reasonable probability that, but for

counsel's errors, the result of the proceeding would have been different); *Wainwright v. Sykes, supra*; *Murray v. Carrier*, 477 U.S. 478 (1986); *Rodriguez*, 906 F.2d at 1159 (explaining a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent.") (*citing Murray v. Carrier*, 477 U.S. at 496); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995)).

      2.      Merits Review of Ground One, Issue Number (6)

Petitioner's Issue Number (6) of Ground One is that trial counsel was ineffective in failing to call character witnesses and denied the jury testimony as to his reputation for truthfulness and veracity. As noted above, these issues were the only issues contained in Petitioner's First Ground that were also raised in Petitioner's PCR appeal. Petitioner, of course, had the burden of proving the allegations in that appeal. *Butler v. State*, 334 S.E.2d 813, 814 (S.C. 1985). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended. The PCR court had the opportunity to observe and evaluate the witnesses during their testimony and found Petitioner's testimony not credible and trial counsel's testimony credible. With respect to the instant claim, the PCR court specifically noted the following:

> This Court further finds it reasonable that Mr. Richardson abandoned his plan to call character witnesses once he became aware that the solicitor had information regarding prior problems that [Petitioner] had at this same bar. Mr. Richardson wisely chose not to open that door for the solicitor.

(App 563.)

Substantial deference is to be given to the state court's findings of fact. *Evans v. Smith*, 220 F.3d 306, 311–12 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence); *Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000) (en banc)).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Fisher v. Lee*, 215 F.3d 438, 446 (4th Cir. 2000); *Frye v. Lee*, 235 F.3d 897, 900 (4th Cir. 2000).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), when the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. *Strickland v. Washington*, 466 U.S. 668, 698 (1984); *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir.1993) (*citing Clozza v. Murray*, 913 F.2d 1092, 1100 (4th Cir. 1990)). Nevertheless, because Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000). *See Bell v. Jarvis, supra; see also Evans*, 220 F.3d at 312 (Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."). Therefore, this court is mindful of the deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

When allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 694. In *Strickland*, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Mazzell*, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (finding petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus). Although Petitioner contends that counsel failed to call character witnesses to

testify as to his reputation for truthfulness and veracity, he has failed to show how that testimony would have affected the outcome in his case.

The undersigned's review of the record shows that trial counsel was prepared to offer character witnesses on the issues of peacefulness and good order, truthfulness and veracity, and "anything else he could get in through them." (App. 482). However, when trial counsel learned that the Solicitor had witnesses would could have established that Petitioner had previously "caused trouble" at the same bar, trial counsel abandoned his plan to call the character witnesses. (App. 493). Because trial counsel believed, after discussing it at a motion in limine, that the judge would have permitted the Solicitor's witnesses if he opened the door through the testimony of Petitioner's witnesses, he made a strategic decision to keep that door closed. Otherwise, trial counsel assessed the testimony of the State's witnesses would have been detrimental to Petitioner's case and would have been the last testimony the jury would have heard in the case. The Solicitor confirmed at PCR that she had witnesses available to testify to these prior instances at the same bar. (App. 528–530).

The court concurs with the PCR court's finding that trial counsel's strategic decision not to call general good character witnesses was objectively reasonable. Counsel reasonably believed through his discussions with the Solicitor and the judge that the State's witnesses would not be called unless Petitioner put his character in issue through his own witnesses. As a result, the jury was not presented with evidence of prior instances of Petitioner's involvement in disturbances at this same bar. The court finds Petitioner did not establish deficient performance by trial counsel for not calling character witnesses.

Furthermore, Petitioner has failed to show prejudice under *Strickland* by demonstrating that the result would have been different if trial counsel had called the character witnesses. As discussed above, several witnesses testified to Petitioner's intoxication, harassment of women, fighting with the bouncers, and the resulting injuries to them. Petitioner has failed to demonstrate how the testimony of friends as to his truthful character would have helped his credibility given his inconsistent statements and the other evidence of his guilt. (*See* App. 330–381). Having failed to meet his burden under Strickland, Petitioner's claim of ineffective assistance of counsel should be dismissed.

      E.     Motion to Amend

Petitioner has filed a motion to amend his Petition [Entry #32] to add an additional ground of double jeopardy. Specifically, Petitioner asserts the trial court violated the principles of double jeopardy clause when it imposed a consecutive sentence for two identical offenses arising out of the same incident and arrest. Leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986).

In this case, Petitioner's amendment would be futile because his proposed claim of a double jeopardy violation is procedurally barred for failure to have raised it at trial or on direct appeal, and Petitioner cannot show cause and prejudice or actual innocence to lift the procedural bar. Finally, the claim would fail on its merits, as Petitioner's claim of double jeopardy arises from his two convictions for ABWIK involving two bouncers in

the same trial. Therefore, the court recommends that Petitioner's motion to amend [Entry #32] be denied.

III.    Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment [Entry # 20] be granted and that his motion to amend [Entry #32] be denied.


IT IS SO RECOMMENDED.

July 30, 2010                                    Shiva V. Hodges
Florence, South Carolina                         United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**