IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel J. Hastings, #302318, ) | |
| ) | C/A No. 1:09-1412-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Gregory Knowlin, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Samuel J. Hastings is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Turbeville Correctional Institution in Turbeville, South Carolina. On June 1, 2009, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being detained unlawfully.

This matter is before the court on motion for summary judgment filed by Respondent on October 7, 2009. By order filed October 8, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to Respondent's motion on November 16, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On July 30, 2010, the Magistrate Judge issued a Report and Recommendation in which she recommended that Respondent's motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on August 17, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts as thoroughly discussed in the Magistrate Judge's Report and Recommendation. Briefly, Petitioner was at a bar in Oconee County, South Carolina, with his wife. He became intoxicated and began making advances toward women on the dance floor. Eventually Petitioner allegedly struck a woman named Stephanie Carnes in the face. A number of persons on the dance floor attempted to remove Petitioner from the dance floor. Bouncers working at the bar became involved in retraining Petitioner. Petitioner pulled a pocket knife out of the pockets of his pants and cut a bouncer named Brandon Burns on the left leg and stomach. Petitioner also cut a patron named Allen Carnes across the stomach. Petitioner was arrested and charged with assault and battery of a high and aggravated nature (ABHAN) with respect to his alleged striking of Stephanie Carnes and assault and battery with intent to kill (ABIK) with respect to his cutting of Burns and Allen Carnes with a knife.

Petitioner was tried by a jury on May 24, 26, and 27, 2004. He was represented by W. Douglas Richardson, Jr., Esquire. Several witnesses testified that Petitioner intentionally bumped into women on the dance floor, grabbed one woman by the buttocks, and appeared to be intoxicated. See Test. of Melinda Hall 72-79, ECF No. 21-1; Test. of Stephanie Carnes 100-05, ECF No. 21-1;

Test. of Allen Carnes 135, ECF No. 21-2; Test. of Russ Rogers 204, ECF No. 21-2; Stephanie Carnes testified that Petitioner was pushed to the ground and held there by patrons of the bar after he hit her, and that he was cursing, screaming, and slinging his arms. Test. of Stephanie Carnes 106. Both Burns and Allen Carnes testified as to their injuries. Several witnesses testified that Petitioner showed no signs of injury after the altercation. Test. of Allen Carnes 141-42, 151; Test. of Burns 117; Test. of Rogers 209-10; Test of Robert Dribble 218, ECF No. 21-2; Test. of Rick Whitworth 248-49; ECF No. 21-3; Test. of Donna Nalley 285-86, ECF No. 21-3. Petitioner was escorted from the building. Test. of Rogers 208.

Petitioner testified that he was not intoxicated. Test. of Samuel Hastings 336; ECF No. 21-3. He denied bumping into Stephanie Carnes, unless it was accidentally. Id. at 339. He denied hitting Stephanie Carnes in the face. Id. at 342. He denied grabbing any woman's buttocks. Id. According to Petitioner, he was leaving the dance floor when he was hit from behind. Id. at 341. Petitioner testified he fell to the floor and people began kicking him. Id. at 343. Petitioner testified that he was hit in his mouth, his head, his right kidney, and other parts of his body. Id. Petitioner testified that he was scared and thought he was going to get killed. Id. at 344. He pulled a knife from his pocket and swung it until he was able to get up and move. Id. at 345. He then walked freely to the parking lot and waited for law enforcement to arrive at the scene. Id. Petitioner's wife, Debra Hastings, testified that Petitioner had a knot on his head, a bruised and swollen lip, a puncture wound to the side of his neck, and scrapes and bruises to the top of his head. Test. of Debra Hastings 304, ECF No. 21-3.

At trial, the State introduced the undershirt and shirt worn by Allen Carnes the night of the incident. See Test. of Allen Carnes 143-45. The shirts showed cuts and blood that Carnes testified

had not been present on the items prior to the altercation with Petitioner. Id. Trial counsel moved for suppression of the clothing because the State had not produced the items prior to trial. The trial judge denied trial counsel's motion on the grounds that trial counsel had seen pictures of the shirt and undershirt and been aware of their existence prior to trial. See Trial Judge Ruling 153, ECF No. 21-2. The State also offered pictures of Burns' wounds. See Test. of Burns 180-82. Trial counsel objected to the photographs on the grounds that they were in color rather than black-and-white, and, according to trial counsel, the color photographs were unduly prejudicial. The trial judge overruled the objections. Trial Judge Ruling 185, ECF No. 21-2.

The jury found Petitioner not guilty of ABHAN with respect to Stephanie Carnes. He was found not guilty ABIK with respect to Brandon Burns and Allen Carnes. However, Petitioner was found guilty of the lesser included offense of ABHAN with respect to Burns and Allen Carnes. On May 27, 2004, Petitioner was sentenced to incarceration for a period of ten years, suspended upon service of four years, with five years of probation, as to each count of ABHAN, to be served consecutively.

Petitioner filed a direct appeal to the South Carolina Court of Appeals in which he raised the following issues:

> The trial court erred in allowing the shirts of the alleged victim Allen Carnes into evidence.
>
> The trial court erred in allowing photographs of the stitched and stapled leg of the alleged victim Barnes into evidence
>
> The trial court erred in considering [Petitioner's] decision to request a jury trial in sentencing.
>
> The trial court erred in considering [Petitioner's] right to testify in sentencing.

Final Brief of Appellant 2, ECF No. 21-7.

Petitioner's convictions were affirmed by the Court of Appeals by unpublished opinion filed May 18, 2006. <u>See</u> <u>State v. Hastings</u>, Op. No. 2006-UP-247 (S.C. Ct. App. May 18, 2006), ECF No. 21-9. The matter was remitted to the lower court on July 24 2007. ECF No. 21-14.

Petitioner filed an application for post-conviction relief (PCR) in the Court of Common Pleas for the County of Oconee, South Carolina, on September 5, 2007. Petitioner raised the following grounds for relief:

    A.    Ineffective assistance of counsel

        1.    By opening the issue of a state's witnesses prior written statement.

        2.    By failing to object to the introduction of a state's witnesses prior statement.

        3.    By failing to object to the prosecution's opening statement stating facts of the case.

        4.    By failing to object to leading questions of the State's witnesses.

        5.    In conducting ineffective cross-examination of witnesses.

        6.    In failing to call character witnesses.

        7.    In failing to object to leading redirect.

        8.    In failing to object to the introduction of Allen Carne's shirt.

        9.    In failing to properly place his objections on the record.

        10.    In failing to raise proper objections to the introduction of photographs.

        11.    In failing to object to testimony about what the witnesses told the prosecutor.

        12.    In failing to make proper directed verdict motions.

13. In failing to object to testimony about what the witnesses told the prosecutor.

14. By allowing improper cross.

15. By failing to properly rebut the witnesses testimony.

16. By introducing the alleged weapon into evidence.

17. In failing to do such things as a reasonably prudent attorney would have done under the circumstances when and there existing.

[B]. Prosecutorial misconduct.

1. In failing to produce tangible evidence requested by the Defendant.

2. In asserting personal knowledge of facts in issue.

3. In stating a personal opinion as to the justness of the cause, credibility of a witness, and guilt of the accused.

4. In failing to make timely disclosure to the defense of evidence that tends to negate guilt.

5. In doing such things that would constitute prosecutorial misconduct.

Application for PCR 6, ECF No. 21-5.

A hearing on Petitioner's application was held before the Honorable Cordell Maddox, Jr. on January 28, 2008. Petitioner was represented by Robert Childs, III, Esquire. Petitioner testified at the hearing, as did trial counsel and the state solicitor, Wendy Halliford. The PCR judge filed an Order of Dismissal on April 18, 2008. The PCR judge found Petitioner's testimony to be not credible and the testimony of trial counsel and the solicitor to be credible. The PCR judge determined that Petitioner received effective assistance of counsel, that counsel met with Petitioner a sufficient number of times, discussed the charges and possible penalties and the benefits of a trial and guilty plea, and the possible defenses. The PCR judge determined that trial counsel filed the

necessary motions for discovery, thoroughly investigated the case, and developed a valid trial strategy. Order of Dismissal 11, ECF No. 21-6. The PCR judge concluded that the jury verdict was not the result of inadequate representation on the part of trial counsel. Id. at 13. The PCR Judge further determined that the solicitor represented the state effectively and did nothing inappropriate or unconstitutionally detrimental to Petitioner. Id. Accordingly, the PCR judge denied and dismissed Petitioner's PCR application with prejudice.

Petitioner, through counsel, filed a Johnson[1] petition for writ of certiorari to the South Carolina Supreme Court. Petitioner raised the following grounds for relief:

1. Did the PCR court err in failing to find that the State violated the requirements of Brady v. Maryland, 373 U.S. 83 (1963), by not notifying defense counsel, in a timely manner prior to trial, of the victim's bloody shirt that was introduced into evidence at trial after defense counsel had filed a Rule Five Motion?

2. Did the PCR court err in failing to find trial counsel ineffective for not moving for a mistrial after the trial judge's inappropriate comments to petitioner when he was testifying which were prejudicial to petitioner?

3. Did the PCR court err in failing to find trial counsel ineffective for not calling the four character witnesses to testify at trial?

Johnson Pet. for Writ of Cert. 2, ECF No. 21-16.

The South Carolina Supreme Court denied Petitioner's petition by order dated May 28, 2009. Order, ECF No. 21-18. The matter was remitted to the lower court on June 15, 2009. ECF No. 21-19.

---

[1] Johnson v. State, 364 S.E.2d 201 (1988).

## II. DISCUSSION

The petition is governed by the provisions of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996. Under § 2254(a), the court must entertain an application for a writ of habeas corpus on behalf of a person in state custody in violation of the Constitution or laws or treaties of the United States. A § 2254 petition filed by a person in state custody

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, a § 2254 petition filed by a person in state custody

shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Petitioner asserts the following grounds for relief:

**Ground One**. Petitioner asserts he was deprived of effective assistance of counsel in violation of his sixth Amend. right. . . .

1. By opening the issue of a state's witnesses prior written statement.

2. By failing to object to the introduction of a state's witnesses prior statements.

3. By failing to object to the prosecution's opening statement stating facts of the case.

4. By failing to object to leading questions of the State's witnesses.

5. In conducting ineffective cross-examination of the State's witnesses.

6. In failing to call character witnesses.

7. In failing to object to leading redirect.

8. In failing to object to the introduction of Allen Carne's shirt.

9. In failing to properly place his objections on the record.

10. In failing to raise proper objections to the introduction of photographs.

11. In failing to object to testimony about what the witnesses told the prosecutor.

12. In failing to make proper directed verdict motions.

13. In failing to object to inflammatory comments by prosecution on closing argument.

14. By allowing improper cross.

15. By failing to properly rebut the witnesses testimony.

16. By introducing the alleged weapon into evidence.

17. In failing to do such things as a reasonably prudent attorney would have done under the circumstances when and there existing.

**Ground Two**. Petitioner asserts his procedural due process rights were violated by the introduction of alleged bloody shirt.

**Ground Three**. Prosecutorial misconduct. . . .

1. In failing to produce tangible evidence requested by the Defendant.

2. In asserting personal knowledge of facts in issue.

3. In stating a personal opinion as to the justness of the cause credibility of a witness, and guilt of the accused.

4. In failing to make timely disclosure to the defense of evidence that tends to negate guilt.

5. In doing such things that would constitute prosecutorial misconduct.

Pet., ECF No. 1-1.

A.   Ground One - Ineffective Assistance of Counsel

The Magistrate Judge determined that Petitioner had procedurally defaulted each ground asserted for federal habeas review, with the exception of Ground One, Issue Number 6. The Magistrate Judge correctly noted that federal habeas review is available only as to those issues that were raised to and ruled on by the South Carolina Supreme Court or South Carolina Court of Appeals either (1) through direct appeal, or (2) through a petition for writ of certiorari from an order denying an application for PCR. At this stage of the proceedings, Petitioner's claims are exhausted because there exists an absence of available corrective process under South Carolina law. Specifically, Petitioner would be precluded from raising direct appeal issues not raised previously, see S.C. R. App. P. 203 (time for appeal), 208(b)(1)(B) (briefs should contain all issues on appeal), or from raising issues in a successive PCR application, see S.C. Code Ann.

§ 17-27-90 (providing that all grounds for relief available to an applicant must be raised in his original, supplemental, or amended application). Further, these procedural defaults foreclose consideration by the federal court. When a petitioner has deprived the state court of an opportunity to address his federal claims because he has failed to meet the state's procedural requirements for presenting his claim, an "independent and adequate state law ground" bars federal habeas review. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (citing McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)).

In his objections, Petitioner contends that the Magistrate Judge erred in finding that Issues 3, 5, 9, 10, 12, 14, 15, and 17 of Ground One are procedurally barred because these issues were not specifically addressed in the PCR judge's order of dismissal. Petitioner notes that the grounds were fairly raised to the PCR judge, who was obligated to "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." S.C. Code § 17-27-80. However, Petitioner's failure to file a motion pursuant to S.C. R. Civ. P. 59(e) to preserve additional issues for appellate review constitutes a procedural default that bars federal habeas. In Marlar v. State, 653 S.E.2d 266 (S.C. 2007), the South Carolina Supreme Court distinguished "unique" cases wherein it had addressed issues not preserved for appeal. The supreme court noted that, except in extraordinary cases, a Rule 59(e) motion must be filed to preserve for appeal issues not adequately addressed by PCR judge:

> We take this opportunity to reiterate our admonition that "[c]ounsel preparing proposed orders should be meticulous in doing so, opposing counsel should call any omissions to the attention of the PCR judge prior to issuance of the order, and the PCR judge should carefully review the order prior to signing it. Even after an order is filed, counsel has an obligation to review the order and file a Rule 59(e), SCRCP, motion to alter or amend if the order fails to set forth the findings and the reasons for those findings as required by 17-27-80 and Rule

52(a), SCRCP."

Marlar, 653 S.E.2d at 267 (quoting Pruitt v. State, 423 S.E.2d 127, 128 (S.C. 1992)).

Petitioner's objections are without merit as to this issue.

With respect to Ground One, Issue 6, the PCR judge found, and the Magistrate Judge concurred, that trial counsel articulated a valid trial strategy in abandoning his plan to call character witnesses upon learning that the solicitor possessed information the Petitioner had previously caused trouble at the same bar.

At the PCR hearing, trial counsel testified as follows:

A. Yes. It came to my attention through the solicitor that she had evidence or a witness or two that would have reputed those character witnesses if I put them up, and would have established that [Petitioner] had in fact gone to that bar previously before this incident and had caused trouble – I can't recall exactly what it was – or started a fight or something of that nature. Now, that's told to me by the solicitor. And that's the last thing I need the jury to hear before they go out and deliberate. So I felt that putting up the character witnesses, weighing that the chance she's going to put up a rebuttal witness, the last thing the jury is going to hear, he's back at that same bar before this causing problems. I couldn't take that chance.

Q. Now, Mr. Hastings in fact testified, did he not, he had never had any trouble at that location before?

A. Yes, sir. And that's fine, but it – let me explain what my thought process is on that. That's fine. He may never have had a problem there. And this witness may have been lying. But the fact is they were going to possibly get up there and testify to that. And, quite frankly, I had no way to rebut that.

Q. Based on the fact he already testified that he had never had problems there before. Couldn't have still called those rebuttal witnesses to testify there had been problems there before?

A. Sure. I think so. . . . Well, let me take that back. I think we addressed that issue in limine. We addressed that incident in limine, make sure no

> prior instances came in. The solicitor assured me that wasn't going to happen with the Judge, best of my recollection with the Judge. At that point in time. I put – that issue is there. When I put up them as to character witnesses, peacefulness, I opened the door. You have to understand, I'm having a problem with the Judge at this point in time. I feel like he's going to let the witnesses come in and testify as to this.
>
> Q. All right. So basically the door was opened already.
>
> A. Well, they hadn't been put up.
>
> . . . .
>
> Q. You still able to call character witnesses about character for truth and [veracity] without opening the door to prior incidents?
>
> A. Possibly, I wouldn't chance it at that point in the trial. Actually I thought we were in decent light with the jury.

Test. of William Douglas Richardson, Jr. 16-30, ECF No. 21-5.

Petitioner contends that the Magistrate Judge erred in finding that trial counsel's performance was not deficient. The court disagrees.

To prove ineffective assistance of counsel, Petitioner must show that trial counsel's performance was not reasonable under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687 (1984). Further, Petitioner must demonstrate that he was prejudiced by trial counsel's deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. The United States Supreme Court has held:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects

of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Strickland, 466 U.S. at 689 (internal citations omitted).

Trial counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. The court concludes that, in light of all the circumstances, trial counsel's performance was well within the wide range of professionally competent assistance. Further, the court finds that Petitioner has failed to demonstrate that he was prejudiced by trial counsel's alleged deficient performance. Petitioner testified as to his version of the events and that he was not at fault. His wife and a friend who also were present the night of the incident testified as to their version of the facts and in support of Petitioner's contention that he was not a troublemaker. Petitioner's objections as to Ground One, Issue 6 are without merit.

B.   Ground Two - Introduction of Bloody Shirt

The Magistrate Judge determined that Ground Two is procedurally defaulted because Petitioner did not raise a constitutional challenge to the admission of the shirts in state court. Petitioner asserts that the Magistrate Judge erred because trial counsel interposed an objection to the shirts at trial.

In this case, it appears that Allen Carnes was in possession of the undershirt and shirt and that the solicitor did not provide these items to trial counsel prior to the time of Allen Carnes' testimony. Trial counsel objected to the admission of Allen Carnes' undershirt and shirt on the

grounds that the solicitor violated S.C. R. Cr. P. 5. See Tr. of Trial 152-53, ECF No. 21-2. Rule 5(a)(1)(C) provides:

> (C) Documents and Tangible Objects. Upon request of the defendant the prosecution shall permit the defendant to inspect and copy books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the prosecution, and which are material to the preparation of his defense or are intended for use by the prosecution as evidence in chief at the trial, or were obtained from or belong to the defendant.

There is no foundation in the record to support a finding that Petitioner raised a due process claim in the state courts. Thus, the Magistrate Judge properly determined that Ground Two is procedurally barred.

Even if the court were to consider Petitioner's arguments regarding Ground Two, he could not prevail. Under Brady v. Maryland, 873 U.S. 83 (1963), which Petitioner cites in his objections, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. In order to prove that the solicitor's failure to tender certain evidence constitutes a Brady violation, Petitioner must show that the undisclosed evidence was (1) favorable to him either because it is exculpatory, or because it is impeaching; (2) material to the defense, i.e., "prejudice must have ensued"; and (3) that the solicitor had materials and failed to disclose them. United States v. Wilson, 2010 WL 3495876, *14 (4th Cir. Sept. 8, 2010) (citing United States v. Stokes, 261 F.3d 496, 502 (4th Cir.2001)). "Evidence is 'exculpatory' and 'favorable' if it 'may make the difference between conviction and acquittal' had it been 'disclosed and used effectively.'" Id. (quoting United States v. Bagley, 473 U.S. 667, 676 (1985)). "Evidence is 'material' if it is 'likely to have changed the

verdict.'" Id. (quoting Moseley v. Branker, 550 F.3d 312, 318 (4th Cir.2008)).

Contrary to Petitioner's arguments, the shirts at issue were neither exculpatory nor material. The shirts corroborated the state's witnesses' versions of the events. Therefore, the shirts were inculpatory. Moreover, Petitioner admitted during his testimony that he took swings with a pocket knife during the incident at the bar. The court discerns no basis for finding that the introduction of the shirts into evidence was likely to have changed the jury's verdict. Petitioner's objections as to Ground Two are without merit.

C. Ground Three - Prosecutorial Misconduct

The Magistrate Judge found that the issues raised in Ground Three have been procedurally defaulted. Petitioner disputes this finding, and essentially reiterates his contention that the trial judge erred in admitting Allen Carnes' undershirt and shirt over trial counsel's objection. For the reasons set forth hereinabove, the court concludes that Petitioner's objections as to Ground Three are without merit.

D. Motion to Amend

On July 19, 2010, Petitioner filed a motion to amend his § 2254 petition in order to add a ground asserting a double jeopardy claim. Specifically, Petitioner asserts that the trial court erred in imposing consecutive sentences for two offenses arising out of the same incident and arrest. The Magistrate Judge determined that the motion to amend should be denied as futile because the double jeopardy claim is procedurally defaulted. The Magistrate Judge further determined that the claim would fail on the merits because the convictions and sentences arose from two indictments for separate offenses involving two individuals.

Pursuant to Fed. R. Civ. P. 72(a),

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

The court has thoroughly reviewed the record. The court finds that the Magistrate Judge's ruling is neither clearly erroneous nor contrary to law. Accordingly, the court affirms the Magistrate Judge's ruling that the motion to amend should be denied as futile.

### III. CONCLUSION

For the reasons stated, Respondent's motion for summary judgment (ECF No. 21) is **granted** and Petitioner's petition for a writ of habeas corpus is **denied**.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of

appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br>United States District Judge

Columbia, South Carolina

September 17, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**